**DENIED and Opinion Filed November 17, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-01062-CV**

**IN RE STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND NICHOLAS BOROWEC, Relators**

**Original Proceeding from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-23-02265-C**

## MEMORANDUM OPINION

Before Justices Molberg, Goldstein, and Breedlove
Opinion by Justice Goldstein

Before the Court are relators' October 24, 2023, petition for writ of mandamus and November 13, 2023, emergency motion for temporary relief. In their petition, relators challenge two trial court orders denying their motions to quash their respective depositions. In their emergency motion, relators seek to stay the depositions pending our action on the petition.

Entitlement to mandamus relief requires a relator to show that the trial court clearly abused its discretion and that the relator lacks an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator bears the burden of providing the Court with a sufficient

record to show it is entitled to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

This original proceeding arises out of an underinsured motorist lawsuit. In these types of cases where, as here, extracontractual claims are included, a common practice is for the trial court to order two separate trials: (1) an initial "car crash" trial to determine the underinsured motorist's liability and therefore the insurer's liability under the applicable underinsured motorist policy and (2), if the insured succeeds, a trial on the extracontractual claims. *See In re State Farm Mut. Auto. Ins. Co.*, 629 S.W.3d 866, 870 (Tex. 2021) (orig. proceeding). Implementing such a procedure can limit the scope of discovery in the first phase, primarily in terms of relevance but also on proportionality grounds when certain stipulations are made and supporting evidence is provided. *See In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787–95 (Tex. 2021) (orig. proceeding).

Here, relators argue that the trial court abused its discretion in failing to quash their depositions because the depositions were not relevant and did not meet the proportionality requirements under rule 192.4 given that the case was still in the initial car-crash phase. Proportionality complaints must be supported with evidence. *Id.* at 792. Here, relators relied primarily on an unsworn declaration from a State Farm team manager to support their proportionality complaints. But that declaration, as included in relators' mandamus record, is unsigned and does not include the necessary jurat. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(a), (c), (d). More

significantly, nothing in relators' mandamus record shows the trial court has ordered separate trials. Therefore, all claims including the extracontractual claims are live, and discovery should be permitted on all live claims.

Based on the mandamus record before us and the procedural posture reflected therein, we conclude that relators failed to demonstrate entitlement to mandamus relief. Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

We also deny relator's emergency motion for temporary relief as moot.


/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

231062F.P05